JOHN McMILLAN, *versus* JOSEPH HOBSON *& als.*

By R. S., c. 119, § 79, the Court may, in its discretion, for good cause shown, permit or require a trustee who has been examined in the original suit, to be examined anew in a suit of *scire facias.*

ON EXCEPTIONS from *Nisi Prius,* GOODENOW, J., presiding.

This was a writ of *scire facias.* These defendants, who had at the previous term been adjudged the trustees of A. Hobson, & als., in a suit brought against the latter by these plaintiffs, moved for leave to disclose further in this suit, which motion was allowed. To this ruling, exceptions were taken by the plaintiffs.

*Hammons,* for plaintiffs.

*Swasey, Eastman & Leland,* for defendants.

HATHAWAY, J. — The defendants were adjudged trustees, upon their disclosure and additional allegations and proofs, made under provisions of R. S., c. 119, § § 33, 34, and statute of 1842, c. 31.

The questions of fact, &c., were, by agreement of the parties, submitted to the Court, and on *scire facias* against the defendants, they moved the Court for permission to disclose further, which was granted; to which ruling the plaintiffs except.

By statute of 1821, c. 61, § 9, the trustee, who had been charged upon his disclosure in the original action, was not permitted to disclose further on *scire facias,* not even for the purpose of correcting a mistake. *Taylor* v. *Day & al.* 7 Greenl. 130.

By R. S., c. 119, § 79, it was provided, that "if he had been examined in the original suit, the Court may permit or require him to be examined anew in the suit of *scire facias,* and in such case, he may prove any matter, proper for his defence, on the *scire facias,* and the Court may render such judgment as law and justice require upon the whole matter appearing on such examination and trial."

The object of this provision of the statute seems to have been, to enable " the Court to render such judgment as law and justice required," and we cannot doubt that the Judge presiding had the power, on motion, for good cause shown, in his discretion, to permit a further disclosure.

*Exceptions overruled.*

TENNEY, C. J., and RICE, CUTTING and GOODENOW, J. J., concurred.